UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY STEVEN BARTELL,

    Plaintiff,

vs.                                         Case No. 05-C-0633

STATE OF WISCONSIN
CORPORATION COUNSEL,
LISA MARTIN, CARL DUDIN,
RICHARD CHECK, DOUGLAS F. MANN,
MARGARET McGARITY, MARTIN PRUHS,
DAVID ASBACH, DELTA COUNTY,
MICHIGAN, NANCY J. KOLICH,
CHRIS HARTLEY, LUCY DELEEUW, and
RANDOLPH B. OSSTYN,

    Defendants.

## DECISION AND ORDER

Gregory Steven Bartell ("Bartell") has tried to sue a number of defendants for something, but it is impossible to tell what. In all likelihood, that is because his complaint was prepared by David Wynn Miller ("Miller")—Miller's name and claimed copyright can be found at the bottom of all but one of the 37 pages filed—who is not unfamiliar to this Court.

Miller has a history of filing frivolous lawsuits in this District. For that reason, in 1997, this Court sanctioned Miller for his chronically unintelligible filings. Specifically Miller was sanctioned $2000 and "ordered to cease and desist from assisting any other litigants from filing lawsuits or other pleadings in the Eastern District of Wisconsin." *Lawrenz v. Wisconsin,*

Case No. 97-C-781 (E.D. Wis. Oct. 31, 1997).[1] The Court also warned Miller that a failure to abide by the Court's order could result in a finding of contempt. In the meantime, the Court directed the Clerk of Court to "return unfiled any papers submitted to this District by Miller, or on his behalf" until Miller paid the $2000 sanction. *Id.*

Miller has not paid the sanction but he has tried to file more papers. In 1999, the Clerk of Court was directed to return a complaint unfiled, along with the filing fee, that Miller tried to file with Albert Abena. *See Abena v. Ansay*, Unfiled Case, Decision and Order of Sept. 13, 1999. In that case Miller was named as a plaintiff. Recently, he helped Bartell file this action. Miller may not be named as a plaintiff, but he still is in violation of a Court order. Miller helped Bartell prepare and file the complaint in this case, which is expressly forbidden by the Court's earlier order, and he signed the complaint. Apparently the Court's previous admonishments have not driven the point home to Miller.

The authority of this Court to curb abusive behavior like Miller's is ample. *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Any sanction must be tailored to the abuse. *Id.* Miller has openly violated a Court order—twice. The first time, in 1999, the Court simply dispatched him with a reminder that he is not to be involved in any filings before this Court until he pays his outstanding $2000 fine. Obviously, that reminder was ineffective. This time the Court is imposing a sanction of $5000 for violating the Court's previous order. In addition, the Clerk is directed to return unfiled all papers that Miller attempts to file; this includes

---

[1] The only exceptions to the filing bar against Miller are "(1) the filing of any § 1983 or habeas claim alleging that Miller is being detained or held in an institution against his will and in violation of his federal statutory or constitutional rights; and (2) the filing of any papers seeking or related to an appeal in [Case no. 97-C-781]." *Lawrenz v. State of Wisconsin*, Case No. 97-C-781 (E.D. Wis. Oct. 31, 1997).

papers in cases in which Miller is not a party but he has assisted a litigant in filing a lawsuit or pleading in this District. The effect of this order is cumulative. The Clerk will continue to return unfiled all papers that Miller attempts to file (as described above) until Miller pays both the old $2000 sanction and the new $5000 sanction.

As for this lawsuit, it is dismissed. It was filed in defiance of a Court order and that is unacceptable. Bartell is free to file another complaint on his own behalf without Miller's assistance. Let this be a warning, however, to Bartell. The complaint prepared by Miller, and filed in this case, is gobbledygook. Another complaint along those lines will be deemed frivolous and could expose Bartell to sanctions of his own. Rather than relying on the unintelligible language and legal strategies of Miller, Bartell would be well advised to consult an attorney, or do research of his own in order to file *actual* (and intelligible) legal claims.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Miller is sanctioned $5000 for violating this Court's order of October 31, 1997, in *Lawerenz v. Wisconsin*, Case No. 97-C-781.

2. The Clerk is directed to return all filings by or involving Miller consistent with this Order until Miller pays both his $2000 sanction and the additional $5000 sanction levelled against him today.

3. This complaint is **DISMISSED**, without prejudice to Bartell.

The Clerk is directed to close this case.

Dated at Milwaukee, Wisconsin this 9th day of August, 2005.

BY THE COURT

s/ Rudolph T. Randa

**Hon. Rudolph T. Randa
Chief Judge**